# Armstrong County, Appellant, *v.* McElheny.

*Land law—Dedication to public use—Evidence—Deed—County —Right to convey land—Legislative authority.*

1. Either the Commonwealth, where it owns, or individuals having title, may dedicate land for the use of the public, but such purpose must legally appear.

2. A deed conveying a fee will pass a legal estate, notwithstanding an expression of the purpose for which the grant is made; but the rule will not be applied where the estate is conveyed for a specific purpose, "and no other."

3. Where a county owns land in fee, a legislative authorization to the county to sell it, is permissible.

*Deed—Loss of deed—Presumption of grant—Time—Possession —Quieting title.*

4. After a lapse of sixty-nine years, and a series of circumstances disclosing the enjoyment of an unchallenged title during such time, the courts will presume whatever grant is necessary to quiet the title.

*Ejectment—Strength of plaintiff's title.*

5. In an action of ejectment, plaintiff is bound to recover on the strength of his own title, and cannot rely on the weakness of that of his adversary.

Argued January 31, 1922. Appeal, No. 1, Oct. T., 1922, by plaintiff, from judgment of C. P. Armstrong Co., June T., 1920, No. 154, on verdict for defendant, in case of Armstrong County v. Margaret McElheny, in her own right and as sole devisee and executrix of Catherine McElheny, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Ejectment for land in Kittanning Borough.    Before
KING, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned,* inter alia, was refusal of motion for
judgment for plaintiff n. o. v., quoting record.

*C. E. Harrington,* with him *J. P. Culbertson,* for appellant.—Plat of the Commonwealth, erection of County of
Armstrong, surveyed and returned pursuant to statute,
and which designates the word "public" on central
squares for county buildings, is an irrevocable dedication for the benefit of the whole public: Mahon v. Luzerne Co., 197 Pa. 1; Com. v. Connellsville Boro., 201
Pa. 154; Com. v. Beaver Boro., 171 Pa. 542; Com. v.
Alberger, 1 Wharton 469.

No title can be acquired against the public by user
alone, nor lost to the public by nonuser: Com. v. McDonald, 16 S. & R. 390; Com. v. Rush, 14 Pa. 186; Com.
v. Alberger, 1 Wharton 469; Rung v. Shoneberger, 2
Watts 23; Com. v. Moorhead, 118 Pa. 344; Kittanning
Academy v. Brown, 41 Pa. 269.

*H. L. Golden* and *H. A. Heilman,* with them *Harry C.
Golden,* for appellee.—There is no dedication in this
case, and the county commissioners had power, under
the Act of 1851, to convey the square and all the lots into
which it was subdivided: Kirlin v. Campbell, 15 Pa. 500;
Brendle v. Congregation, 33 Pa. 415; Riggs v. New
Castle, 229 Pa. 490; T. W. Phillips Gas & Oil Co. v.
Lingenfelter, 262 Pa. 500; Evans v. Erie County, 66 Pa.
222; Kearney v. West Chester Boro., 199 Pa. 392;
Kingston v. Coal Co., 241 Pa. 469; Schley v. Ry., 227
Pa. 494.

OPINION BY MR. JUSTICE SADLER, March 6, 1922:

By proprietary patent, dated March 27, 1775, there was conveyed in fee to Colonel John Armstrong 556½ acres of land, a grant fully protected by the Act of November 27, 1779. Later, it was proposed that a county town be laid out upon this tract, and, as appears by a recital in a subsequent deed, Armstrong agreed with the governor, in consideration of one-half the sums received from sales of all the town lots, to execute and deliver a deed of conveyance, in fee simple, for 150 acres, to be used for this purpose. In 1797, the land in question passed by devise to the two sons of the first grantee.

By Act of April 6, 1802, authority was given five commissioners to determine the most eligible site for the erection of public buildings in Armstrong County, which county had been organized March 12, 1800. Trustees were appointed in 1803 to survey 150 acres of the land, including a convenient lot or lots, not exceeding two acres, upon which the necessary structures for public use should be erected. The following year, a map of the town was prepared, by which it appeared two corners of the public square were reserved for this purpose, the plat returned to the Commonwealth being so marked. On December 17, 1804, a deed in fee simple, without limitation of any kind, was executed by the owners, in which the trustees were named as grantees, and, subsequently, on November 3, 1807, they conveyed to the Commissioners of Armstrong County. Upon one of the lots, in question, the courthouse and other public structures were built, and maintained until 1850, when new buildings became necessary, and the older ones were abandoned.

The legislature in 1851 (Act April 8, 1851, P. L. 361), authorized the division of the land into lots, to be sold by the county commissioners for the highest prices obtainable, with power to execute the necessary deeds in fee simple, the proceeds to be paid to the county treasurer. The tract was divided into eighteen parts; fifteen

were disposed of, and the deeds therefor duly recorded, with the exception of the conveyance for lot No. 4, now in dispute. As to this parcel, it has been found as a fact that the purchaser was Joseph Buffington, whose possession continued from 1853 until his death in 1872, at which time it passed by devise to the present defendants. The deed executed by the commissioners has been lost. Three of the lots on the so-called courthouse plot were not purchased in 1853, which fact was noted in 1872, and legislative authority for the disposition of the remainder obtained. The preamble of this act recites the fact of the former sale, and gives the numbers of those lots undisposed of, not including, however, No. 4 in the list.

Defendants desired to make sale of the land in their possession. A claim of ownership was made by Armstrong County, it insisting there had been a dedication of the entire courthouse plot for public uses, which made its transfer legally impossible for any other purposes than those originally intended, and that the legislature was without power to authorize the sale, as it had done by the Acts of 1851 and 1872. A rule to bring ejectment resulted in the present proceeding. Testimony showing the record title was offered by plaintiff, and evidence in explanation of the possession of defendants was submitted. Upon undisputed facts, the court below directed a verdict for defendants. This appeal was taken from the judgment subsequently entered.

Was the court house lot dedicated to public purposes? Clearly, this was not done by the Commonwealth, as the patent was directly from the Penns to Armstrong; nor can it be said that this happened as a result of the promise, of the first owner, to the governor, to deed in fee simple to the trustees of Armstrong County, in consideration of the laying out by the legislature of a county town, thus increasing the value of the other land, laid out into lots, one-half of the proceeds of which was to be paid to him. And the claimant is not aided by the

transaction with the Armstrong heirs. The trustees, named by the Act of 1803, were directed to secure land for public buildings, and this they obtained in fee simple, subsequently conveying to the county commissioners by a like deed. "From that date, the county was clothed with a full and absolute title to the premises": Kittanning Academy v. Brown, 41 Pa. 269, 271. The fact that the trustees prepared a map, upon which the acre-lot was marked "public," is not controlling, under the circumstances here observed. The title to the land was then in the Armstrong heirs, who subsequently conveyed without restriction. Either the Commonwealth, where it owns, or individuals having title, may dedicate for use of the public at large, but such purpose must legally appear: Com. v. Beaver Borough, 171 Pa. 542; Mahon v. Luzerne Co., 197 Pa. 1; Com. v. Connellsville Borough, 201 Pa. 154; Philadelphia Museums v. Trustees, 251 Pa. 115. A deed conveying the fee, however, will pass a legal estate, notwithstanding an expression of the purpose for which the grant is made: Kerlin v. Campbell, 15 Pa. 500; Seebold v. Shitler, 34 Pa. 133; Phillips Gas & Oil Co. v. Lingenfelter, 262 Pa. 500; Riggs v. New Castle, 229 Pa. 492. And that is the situation we find in the present case. A different rule would be applied where the estate is conveyed for a specified purpose, "and no other": Slegel v. Lauer, 148 Pa. 236. Then, the fee is determinable upon the cessation of the use of the property for that purpose, and the land would revert to the grantor or his heirs, 18 C. J. 126. The court below properly held that there was no dedication, but that the county became the owner in fee, with all the incidents of such estate.

This conclusion renders unnecessary a discussion of the other suggestions made. If the county owned the land in fee, then clearly the legislative authorization to sell was permissible. The inability of defendants to produce the formal conveyance of lot No. 4 does not affect the result. "After a great lapse of time, and a series of

circumstances disclosing the enjoyment of an unchallenged title during such period, the courts will presume whatever grant is necessary to quiet the title": Townsend v. Boyd, 217 Pa. 386. This principle may be invoked not only against a mere intruder, but also one claiming under color of title: Dougherty v. Welshans, 233 Pa. 121. In the present case the defendants, and their predecessors, have been in undisturbed possession since the sale in 1853. "The execution of a deed is presumed from possession in conformity to it for thirty years; and why the entire existence of a deed should not be presumed from acts of ownership for the same period, which are equivalent to possession, it would not be easy to determine": Taylor v. Dougherty, 1 W. & S. 324. In any event, plaintiff was bound to recover in this proceeding, if at all, on the strength of its own title,—and we have concluded it has none,—and cannot depend upon the weakness of that of defendants.

What has been said, sufficiently disposes of the assignments of error; all are overruled, and the judgment is affirmed.