## Miller v. Amity Township School District

*Walter B. Freed,* for plaintiff; *Ralph C. Body,* for defendant.

MAYS, J., May 8, 1934.—Plaintiff claims of the defendant possession of a certain lot or piece of ground, situate in Amity Township, Berks County, Pa., having a frontage of 72 feet and a depth of 242 feet. In his declaration, he avers that he is the owner in fee simple of a larger tract of land, in which is included the lot claimed; that "in the year 1880 or prior thereto it was agreed between Jacob De Turk, one of plaintiff's predecessors in title, the then owner of the property, and the defendant, that the defendant be allowed or permitted to use and occupy the . . . land for public school purposes, and erect thereon a public schoolhouse, and that if the defendant at any time ceased to use and occupy the same for public school purposes, then all the defendant's rights therein would cease and determine; that the said defendant did use and occupy the same for said public school purposes until some time in the year 1932, when it ceased to use said lot or piece of ground for said purposes, offered it for sale, attempting to sell it at public sale; that the legal title . . . has at all times been in the plaintiff and his predecessors in title . . . ; that the defendant had merely a permissive use of said lot for public school purposes; that the defendant no longer uses said lot for public school purposes, and that said lot is freed and divested of said use or trust, verbally created as aforesaid."

The defendant, in its plea, abstract, and answer, denies that the plaintiff is entitled to possession and that there was an agreement between Jacob De Turk and the defendant. It admits that it did use and occupy said premises for public

school purposes until the fall of 1931, when it ceased to use said lot and school-house for said purposes and offered it for sale, attempting to sell it at public sale, by reason of the fact that it did have title and right of possession to said lot of ground. Following this is a denial that it is no longer used for public school purposes.

The defendant, by way of further answer, avers "that the defendant has had continuous possession of said lot of ground since 1880, and that the defendant has had continuous possession for many years previous to 1880 of part of said lot of ground, known as the 'old school lot', said lot being 66 feet in width on the public highway, and in depth of equal width 99 feet"; and further, "that by reason of the premises, the possession and right of possession and right of property of, in, and to the land described in the writ is not in the plaintiff but is, and at the time of beginning this suit was, exclusively in the defendant."

On the trial, the plaintiff merely offered in evidence his deed, that of his predecessors in title, and that portion of the defendant's plea, abstract, and answer in which it was admitted that the plaintiff is the owner in fee simple of a tract containing 170 acres and 52 perches, included in which is the strip of ground in controversy. He admits that the defendant school district has had possession of this property since 1871.

Defendant's point, that "under all the evidence in the case, the verdict of the jury must be for the defendant", was affirmed, and a verdict taken, by direction of the court, for the defendant.

In this state of the record, the plaintiff could not maintain this action. There is no proof in support of his averment that the defendant's use was a permissive one. He admits that the defendant has had exclusive possession for upwards of 60 years. It is manifest, too, that the defendant has used this property for school purposes during that period of time. Upon these undisputed facts, the trial judge was correct in directing a verdict: Armstrong County v. McElheny, 273 Pa. 208, 211.

After a lapse of 69 years and a series of circumstances disclosing the enjoyment of an unchallenged title during such time, the courts will presume whatever grant is necessary to quiet the title: Armstrong County v. McElheny, supra.

In Carter v. Ridge Turnpike Co., 22 Pa. Superior Ct. 162, 166, the court below refused the defendant's points which were as follows: "Third, the evidence being undisputed, that the defendant was in possession of the land in question, and continued uninterruptedly in such possession from the year 1872 or 1873, to the time this suit was brought, for a period of over twenty-one years, under the facts of this case defendant acquired a title which cannot now be disputed." "Fourth, such enjoyment of possession in the absence of any evidence of how it began, is presumed to have been in pursuance of a full and unqualified grant, and it was incumbent upon the plaintiffs to prove that the use of the land was under some license, indulgence or special contract inconsistent with the claim of right by the defendant, and having failed to prove such license, indulgence or special contract, there can be no recovery in this case".

In the instant case, as in that case, they fairly raise the question to be decided. The Superior Court held that the refusal was error and reversed the judgment and entered it in favor of the defendant.

The fact that the school district had the right to take the property under eminent domain, and thereby acquire an easement, does not preclude it from taking a full fee simple in land by purchase or gift: Carter v. Ridge Turnpike Co., supra. As early as the Act of June 13, 1836, P. L. 525, a board of school directors could, at its discretion, acquire and hold or dispose of real estate for

school purposes: Dover School District v. Lauer, 22 Dist. R. 102, and cases there cited.

The plaintiff in his brief says: "Assuming that the defendant took the land under the right of eminent domain, did not the land on ceasing to be used for school purposes revert to the plaintiff?" In the absence of abandonment, it did not revert to the owner of the fee even if it were a fact that the property was acquired not by purchase or gift but in the exercise of the right of eminent domain. The Act of May 18, 1911, P. L. 309, sec. 603, 24 PS §673, provides: "No property . . . acquired by, conveyed or granted to, any school district . . . for school purposes, . . . shall be considered as abandoned until the board of school directors of such districts shall pass, by a vote of the majority of the members of the board, a resolution declaring it to be the intention of such district to vacate and abandon the same".

If this was done, there is no such allegation in the declaration nor any evidence or proof thereof. It is not enough to aver that the school property was offered for sale. See also Wyalusing Township School Dist. v. Babcock et al., 11 D. & C. 536.

And now, to wit, May 8, 1934, the rules for a new trial and for judgment n. o. v. are discharged.                    From Charles K. Derr, Reading, Pa.