## Deaven et ux. v. School District of West Hanover Township

*Caldwell, Fox & Stoner,* for plaintiffs.

*Nauman, Smith, Shissler & Hall,* for defendant.

KREIDER, J., April 26, 1954.—We have before us defendant's motion for judgment on the amended pleadings. A similar motion on the original pleadings was refused: 65 Dauph. 275.

### Summary of the Pleadings

Plaintiffs filed a complaint in ejectment against defendant school district. They seek to obtain posses-

sion of a small tract of land situated in West Hanover Township, Dauphin County, Pa., which they allege contains approximately 51 perches and has thereon erected a one-story frame school building. They also claim mesne profits in the sum of $200 alleging the fair rental value of the tract to be $25 a month from February 1, 1952, to date of suit.

Plaintiffs contend that this tract is a part of a larger tract acquired by them June 23, 1947, from Thomas E. Patrick. The habendum of plaintiffs' deed is as follows:

"To have and to hold the said premises, with all and singular the appurtenances, unto the said parties of the second part, their heirs and assigns, to and for the only proper use and behoof of the said parties of the second part, their heirs and assigns forever, *subject to any and all existing rights of title which may be held by the West Hanover Township School District* in that *certain tract of fifty-one (51) perches more or less* situate in the northeastern corner of tract No. one (1) herein described—no deed of which appearing to be of record." (Italics supplied.)

Defendant school district specifically denies plaintiffs' claim of ownership and right to possession of the tract, which defendant avers contains 67.28 perches and not 51 perches as plaintiffs claim. Defendant admits the tract has erected thereon a one-story frame school building but asserts plaintiffs have no claim whatsoever to this tract; that the premises have no rental value, and that plaintiffs are not lawfully entitled to any rentals by way of mesne profits. Defendant avers that the Board of School Directors of West Hanover Township, Dauphin County, Pa., predecessor of defendant, at a meeting held July 18, 1886, bought from James McCord, who was then a member of the board, one-fourth acre of ground for $25, that this tract was surveyed and drafted August 20, 1886, for

James McCord and the West Hanover School Board by H. C. A. Farnsler and that the survey shows the plot purchased as containing 51 perches. No deed for this tract appears of record or otherwise.

Defendant further alleges that the lot or piece of ground in question contains .4205 acres or 67.28 perches according to a survey made by Ralph C. Rambler, a professional civil engineer and surveyor, on September 13, 1952. In its pleadings the school district also avers, in the alternative, that it has been in actual, continuous, visible, adverse, notorious and hostile possession of the premises involved in this litigation for more than 21 years.

In plaintiffs' reply to new matter, they say:

"The plaintiffs deny that the defendant's possession of the premises involved has been adverse, notorious and hostile for more than twenty-one years, and *aver to the contrary* that the *defendant's possession was entered into* and *was held permissively,* and was, therefore, neither adverse, notorious nor hostile."

Following our original opinion of October 5, 1953, the parties amended their pleadings as follows:

1. Plaintiffs amended their complaint by averring in substance that the public school classes previously conducted in the one-story frame building in question have been transferred to a new consolidated school and that the old frame building is no longer required for educational purposes. Defendant in answer thereto admits that classes are not held in the old school building and further avers that the school district has *not* abandoned it.

2. Defendant school district amended its answer containing new matter by averring that it has complied with the Act of July 2, 1937, P. L. 2793, 53 PS §1331, by the adoption of a resolution on November 2, 1953, declaring "its intention to acquire a fee simple title in such real estate", together with giving

due notice thereof and the recording of the same in the office of the Recorder of Deeds of Dauphin County, Pa., and that by virtue of these proceedings there has vested in defendant an absolute fee simple title in the premises which are the subject of this litigation. To this plaintiffs filed an amended reply stating, inter alia, that:

". . . the plaintiffs, after a reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5(a) of defendant's Amended New Matter, particularly the averments contained in the resolutions referred to in said paragraph, and proof thereof is demanded."

### Statement of Questions Involved

The pivotal questions are: (1) Whether the Act of July 2, 1937, P. L. 2793, sec. 1, 53 PS §1331 et seq., relied upon by defendant in its amended new matter, is applicable to the facts in this case and if so, (2) whether defendant is entitled on the amended pleadings to a judgment dismissing plaintiffs' complaint in ejectment.

### Discussion

Section 1 of the Act of 1937, supra, provides:

"Any city, county, school district, or other municipality shall have power, in the method herein prescribed, to acquire title in fee simple to any real estate to which such municipality shall have previously acquired a lesser estate in any manner; provided that such real estate shall have been used or held for a public purpose for a period of not less than ten years."

Plaintiffs assert that the Act of 1937, supra, is not applicable to the instant case. They contend that since defendant school district has not pleaded that it acquired the premises by virtue of the Eminent Domain Statute of April 9, 1867, P. L. 51, it cannot invoke the

Act of 1937, supra: Spring Garden Township School District v. Shimmel-Binder, Inc., 30 D. & C. 714 (York County, 1938), Sherwood, P. J., is cited in support of this contention. In that case the court approved the use of the Act of 1937, aforesaid, to cut off the reversionary rights of the owners of lands which had been taken for school purposes by eminent domain proceedings under the Act of April 9, 1867, P. L. 51. The Act of 1867 was construed not to provide for the taking of a fee and title was held to revert to the original owner when the occupation by the condemning authority ceased. Lazarus v. Morris, 212 Pa. 128.*

The Spring Garden case, supra, seems to imply that the Act of 1937, aforesaid, was passed for the purpose of acquiring such reversionary interest. *The act itself is nowhere so restricted.* Indeed, such a construction is fully rebutted by the case of Hoffman et al. v. Pittsburgh et al., 365 Pa. 386 (1950), wherein the City of Pittsburgh attempted to acquire a fee simple absolute title to a public square in that city in order to convey the square to private individuals. The Supreme Court held that the Act of 1937 which the city relied upon was not applicable in that case because the city had no power to alienate lands dedicated to the public, and that the city had no estate or title in the square which would give it such a right under the Act of 1937 aforesaid. A further ground for the decision was that title was vested in the Commonwealth of Pennsylvania with a reversionary interest in the heirs of John Penn and John Penn, Jr., and that a statute will not be construed to deprive the Commonwealth of any property unless its intention to do so is manifest.

---

* Under the School Code of May 18, 1911, P. L. 309, sec. 607, 24 PS §7-722, this situation was corrected by providing that: ". . . Title . . . acquired by any school district . . . shall be vested in such school district in fee simple."

Obviously the Act of 1911 did not correct situations existing where the actual acquiring had preceded that act.

Throughout the opinion in the Hoffman case, supra, the Supreme Court, speaking through Mr. Justice Bell, accepted the construction of the Act of 1937, which defendant here asserts; namely that a municipality *qualifying* under its provisions can obtain absolute fee simple title to land regardless of how the lesser estate was obtained. *There is no intimation in the Hoffman décision that the Act of 1937, supra, was restricted to lands taken under the Act of 1867,* supra, although such a construction would have been dispositive in that case.

Plaintiffs specifically admit that defendant's possession of the premises was permissive and since they do not deny that it was for more than 21 years, they must be held to admit that such permissive possession continued for that period. We think such a permissive possession supports the application of the Act of 1937, supra, which permits, as heretofore pointed out, a school district to acquire an absolute title in fee simple to any real estate to which such municipality shall have previously acquired a lesser estate in any manner.

Plaintiffs' recognition of the permissive use by the defendant school district is accentuated by the habendum of plaintiffs' deed, which provides that the grantees shall have and hold the said premises "subject to any and all existing rights of title which may be held by the West Hanover Township School District in that certain tract of fifty-one (51) perches more or less situate in the northeastern corner of tract No. one (1) herein described—no deed of which appearing to be of record."

This clearly indicates that plaintiffs recognized defendant's possessory right and is inconsistent with plaintiffs' present action in ejectment.

*Plaintiffs* in their amended complaint have *pleaded no facts to show that any past permission to occupy*

*the premises has been terminated.* It would seem, therefore, that plaintiffs have failed to state a prima facie case to show that they are presently entitled to possession of the tract in question. However, they have pleaded that sometime prior to December 1951, or a short time thereafter, the classes were transferred to the new consolidated school and that the old school house has been discontinued for conducting public school classes and is no longer required for educational purposes. In effect, they ask the court to infer an abandonment of defendant's right of possession because of the transfer of pupils to a new school building. We think such an inference is not warranted. The mere fact that the pupils have been attending classes from on or about February 1, 1952 (the date from which plaintiffs claim mesne profits, supra) in the new consolidated school, does not destroy defendant's right to the possession of the old school house and the tract of land on which it is situated. School boards must be given a reasonable time within which to dispose of property which may become surplusage under a new system. Section 708 of the Pennsylvania School Code of March 10, 1949, P. L. 30, 24 PS §7-708, provides that no property acquired by any school district for school purposes shall be considered as abandoned until the board of school directors of such district shall pass a resolution declaring it to be the intention of such district to vacate and abandon the same. Plaintiffs have made no attempt to amend their complaint to the effect that the board of school directors of defendant school district have passed a resolution evidencing their intention to vacate and abandon the premises.

The pleadings, as amended, show that defendant school district strictly complied with the Act of 1937 with respect to acquiring "an absolute title in fee simple" to the premises. A meeting of the board was

held at which five members voted in favor of acquiring such title and no members dissented. The resolution indicated the real estate to be so acquired "with reasonable accuracy" as required by the act. It was then duly advertised and recorded in the office of the Recorder of Deeds of Dauphin County. A copy of the resolution, certified by the solicitor of the school board, under the hand and seal of its secretary, proof of publication and a notation indicating the volume and page where the same are recorded in the office of the Recorder of Deeds of Dauphin County were made a part of defendant's amended pleadings.

Plaintiffs, nevertheless, aver in their amended reply that "after reasonable investigation" they are without knowledge or sufficient information to form a belief as to the truth of the averments contained in the resolution. It must be remembered, however, that defendant's averments of compliance with the Act of 1937, supra, are matters of public record or public knowledge and the truth of these averments is *not at issue* in this proceeding. The fact that such averments have been made and are of *public record* is sufficient for the purpose of disposing of the instant motion to sustain defendant's averment that it has complied with the Act of 1937. See Anderson's Pennsylvania Civil Practice, vol. 2, page 443, citing Friel-Bernheim Co. v. Simons, 47 Dauph. 57 (1939), wherein the court held that an affidavit of defense which denied knowledge of whether a corporation was organized in the Commonwealth of Pennsylvania was an insufficient denial.

We think the action taken by the school district under the authority of the Act of 1937, supra, gives it an absolute title in fee simple to the premises and renders plaintiffs' action in ejectment moot. Consequently, the discrepancy in the actual size of the tract, whether approximately 51 perches or 67.28 perches, is

now of no moment. *A judgment in the instant proceeding merely requires a dismissal of plaintiffs' complaint in ejectment.* Furthermore, since the land acquired by defendant under the Act of 1937 is the larger and more inclusive tract, any other description asserted by plaintiffs would be immaterial in granting judgment for defendant.

We believe the rule set forth in 13 Standard Pa. Practice 405, is applicable here:

"In order to recover the possession of lands by means of the action of ejectment, the plaintiff must have either a title to the lands *with a present right of continued possession* or actual bona fide possession of the lands with a right to maintain a continued possession at the time he is ousted by the defendant." Citing Barnsdall v. Bradford Gas Co., 225 Pa. 338 (1909), wherein it is stated at page 346:

"Ejectment is the proper action for the recovery of possession of land in this state. It is a possessory action, and if a party has a right to possession *and* the *immediate right to enter,* he may maintain ejectment."

In Armstrong County v. McElheny, 273 Pa. 208, 213 (1922), Mr. Justice Sadler said:

"In any event, plaintiff was bound to recover in this proceeding, if at all, on the strength of its own title,—and we have concluded it has none,—and cannot depend upon the weakness of that of defendants."

It must be borne in mind that under section 3 of the Act of 1937, supra, plaintiffs have six years from the date of the vesting of an absolute title in fee simple in the school district to petition the court of common pleas of this county to "hear such testimony as may be required to determine the proportionate interest, if any, of such claimant. . . ."

The court is empowered to ". . . appoint a board of view . . . to determine the value, if any, of the

entire unacquired interest in said real estate, and to award to petitioner or other persons appearing entitled thereto, his or their proportionate parts or shares of such amount. Either claimant, or other such person, or the municipality shall have the right to file exceptions or to appeal, with a right of trial by jury, as in other cases, within thirty days from the filing of the report of the board of view. . . ."

And now, April 26, 1954, defendant's motion for judgment on the amended pleadings is granted, plaintiffs' complaint in ejectment is dismissed and judgment is hereby entered in favor of defendant, School District of West Hanover Township, Dauphin County, and against plaintiffs, Thomas E. Deaven and Ruth E. H. Deaven. The costs of this proceeding shall be paid by plaintiffs.