## Rankin Regular Baptist Church v. Edwards, Appellant.

*Deed—Conveyance to church corporation for mission purposes.*

A conveyance to a church corporation of a lot of ground " to have and to hold the said lot of ground for mission school purposes," without any provision that a building should be erected on the land, or that the lot shall be used exclusively for the purpose named, and without any provision for reversion, or limitation over in case of nonuser, vests in the grantee a good marketable title in fee simple.

Submitted Nov. 7, 1902. Appeal, No. 198, Oct. T., 1902, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. Term, 1902, No. 19, on the case stated in suit of Rankin Regular Baptist Church v. Isaac R. Edwards. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

FRAZER, P. J., filed the following opinion :

By agreement in writing duly executed the defendant agreed to purchase from the plaintiff a lot of ground described in the case stated, which the plaintiff obtained from the First Baptist Church of Braddock. The facts agreed upon are as follows :

On April 25, 1893, the trustees under the will of W. G. Hawkins conveyed to three persons named as trustees of the First Baptist Church of Braddock, for the consideration of $600, the lot of ground in controversy, " to have and to hold the said lot of ground for mission school purposes, hereditaments." etc. The trustees afterwards, upon the incorporation of the First Baptist Church of Braddock, conveyed the lot to the corporation, to have and to hold the same " for mission school purposes." Upon delivery of the deed from the Hawkins trustees a small church building was erected upon the lot by the congregation of the Braddock Baptist Church, in which a Mission Sunday School was organized and conducted. From the Mission Sunday School a congregation was formed which was lately incorporated as the " Rankin Regular Baptist Church," and thereupon the lot was conveyed by the First Baptist Church of Braddock to the plaintiff " to have and to hold the same for

mission school purposes," etc.   In a subsequent deed, however, made for the purpose of correcting an error in the plaintiff's name as grantee, the words for " mission school purposes " were omitted.   Defendant now refuses to accept the lot, alleging that plaintiff's title is not a " good marketable title in fee simple." If we find that plaintiff is possessed of a " good marketable title in fee simple," judgment to be entered in favor of plaintiff for $1,700 ; if not, then judgment to be entered for defendant. The sole question here is, do the words " for mission school purposes," in the deed of the Hawkins trustees, raise a condition.   We are of opinion that they do not.   It is not provided in the deed that a building shall be erected upon the lot and be used exclusively for " mission school purposes," nor is any penalty established by which the lot will revert in case of the non user of the ground for the purpose named.   Under these circumstances, the authorities are uniform that a conditional estate is not created.   We have not been referred to any case in which a grant reciting a special purpose without other words has been held to be a condition.   Our examination of the cases upon the question shows the contrary to be the law : Cook v. Trimble, 9 Watts, 15 ; First M. E. Church of Columbia v. Old Columbia Public Ground Co., 103 Pa. 608 ; Wilkes-Barre v. Wyoming Historical, etc., Society, 134 Pa. 616.

In this case, in our opinion, the words " for mission school purposes " do not indicate a clear intent to create a condition. We, therefore, conclude that plaintiff has a marketable title to the property, and do now enter judgment in favor of plaintiff and against defendant for the sum of $1,700, with costs of suit.

*Error assigned* was the judgment of the court.

*H. M. Scott*, for appellent.

*C. Elmer Bown*, for appellee.

Per Curiam, November 11, 1902 :
This judgment is affirmed on the opinion of the court below.