## T. W. Phillips Gas & Oil Co., Appellant, v. Lingenfelter.

*Deeds—Fee simple—Oil and gas—Deed to school district for school purposes only—Act of May 8, 1834, P. L. 617.*

Where the owner of 176 acres of land conveys, by deed to the directors of a school district and their successors, one-half acre of the same "for school purposes only," without any condition, restraint upon alienation, or clause of forfeiture, the school district takes an estate in fee simple in the one-half acre, including the oil and gas therein, under power granted by the Act of May 8, 1834, P. L. 617, the quoted words being surplusage.

Argued Oct. 3, 1918. Appeal, No. 146, Oct. T., 1918, by plaintiff, from decree of C. P. Jefferson Co., Aug. T., 1918, No. 3, dismissing bill in equity in case of T. W. Phillips Gas & Oil Company v. Hillis Lingenfelter, John Alcorn, Frank Jordon, C. A. Morris and Fred Fike, School Directors of Oliver Township, Jefferson County, Penna., and George W. Wearing. Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ. Affirmed.

Bill in equity for an injunction. Before CORBET, P. J.

*Error assigned* was decree dismissing the bill.

*T. C. Campbell,* with him *C. C. Benscoter,* for appellant.—The deed limited the use of land to school purposes only. It did not convey a fee: Kirk v. King, 3 Pa. 436; Scheetz v. Fitzwater, 5 Pa. 126; Rankin Regular Baptist Church v. Edwards, 204 Pa. 216; Riggs v. New Castle, 229 Pa. 490; Henderson v. Hunter, 59 Pa. 335; Beaver Twp. School Dist. v. Burdick, 51 Pa. Superior Ct. 496; Connellsville, Etc., Ry. Co. v. Markleton Hotel Co., 247 Pa. 565.

*W. L. McCracken,* with him *W. T. Darr* and *George J. Wolfe,* for appellees.—The word "only" or the phrase "for school purposes only," is not a limitation of the

estate, but expressive of the purpose for which school districts might acquire land under the Act of May 8, 1854, P. L. 617: Griffitts et al. v. Cope et al., 17 Pa. 96; Brendle et al. v. The German Reformed Congregation of Jackson Township, 33 Pa. 415; Seebold et al v. Shitler et al., 34 Pa. 133; Slegel v. Lauer et al., 148 Pa. 236; Petition of Sellers M. E. Church, 139 Pa. 61; Riggs v. New Castle, 229 Pa. 490; Kerlin v. Campbell, 15 Pa. 500; First M. E. Church of Columbia v. Old Columbia Public Ground Co., 103 Pa. 608; Wilkes-Barre v. Wyoming Historical Society, 134 Pa. 616; Rankin Regular Baptist Church v. Edwards, 204 Pa. 216.

OPINION BY MR. CHIEF JUSTICE BROWN, January 4, 1919:

On September 29, 1880, Andrew Smith, the owner of a tract of 176 acres of land in Oliver Township, Jefferson County, conveyed by deed to the school directors of the said township, and their successors in office, one-half acre of the same, "for school purposes only." Following this purchase a schoolhouse was erected on the lot, which has been used as such ever since. After the death of Smith the successors to his title to the 176-acre tract executed an oil and gas lease, dated July 27, 1915, to the T. W. Phillips Gas & Oil Company, the description of the leased premises including the one-half acre conveyed to the school district. The lessee entered into possession of the tract and drilled two wells upon it, neither, however, being upon the half-acre tract. The first well, drilled in 1915, was being operated at the time this proceeding was instituted in the court below; the other, drilled in 1917, had been abandoned as unproductive. On January 13, 1917, the school directors of Oliver Township executed an oil and gas lease of the one-half acre tract to Frank Galbraith, who assigned it to George E. Wearing on December 8th of the same year. Wearing began the drilling of a well under this lease, and on April 4, 1918, the T. W. Phillips Gas & Oil Company

filed a bill in the court below against him and the school district, praying for an injunction enjoining the drilling of an oil or gas well on the one-half acre tract and for an accounting for any oil or gas which might have been produced under the lease to Galbraith. The averment in the bill upon which the prayers were based was that the gas and oil under the half-acre tract had not been conveyed by Smith to the school district, but remained in him and passed to the complainant, as the lessee of the oil and gas under the entire 176-acre tract. A preliminary injunction was granted, but, upon hearing on bill and answer, was dissolved and the proceeding dismissed, on the ground that the title of the school district to the half acre was an absolute fee. On this appeal the question for consideration is, Did the school district of Oliver Township, by the deed of 1880 from Andrew Smith, take title to the oil and gas under the one-half-acre tract?

It is conceded by learned counsel for appellant that, under the Act of May 8, 1854, P. L. 617, regulating the common school system of the State, at the time of the conveyance by Smith to the school directors of Oliver Township, they had capacity to purchase the lot in fee simple, but the contention is that, in view of the words in the grant, "for school purposes only," the intention of the grantor in executing the deed and of the grantees in accepting it was that an absolute fee was not to pass, and effect ought now to be given to that intention. Those words are neither preceded nor followed by any condition, restraint upon alienation or clause of forfeiture for any cause, and but for their appearance in the deed, the validity of the lease under which Wearing claims would not be questioned, for the right expressly given by the statute to the school district was not only to purchase the lot, but to sell the whole or any part of it and reinvest the proceeds for school purposes. The words upon which the appellant relies as debasing the fee are merely superfluous and not expressive of any intention of the parties to the conveyance as to the effect to be given to

it. The directors of the school district could not have purchased the lot for any other purposes than that named in the deed, and their acceptance of it with the insertion in it of the words "for school purposes only" was a needless admission by them that they were acting within the powers conferred upon them by the act of assembly. It was simply that, and nothing more, and the deed, in all other respects admittedly conveying an absolute estate, is not affected by them. But one of our many cases need be cited in support of this. In Riggs v. New Castle, 229 Pa. 490, we said: "In Slegal v. Lauer, 148 Pa. 236, it is said: 'The mere expression of a purpose will not of and by itself debase a fee. Thus, a grant in fee-simple to county commissioners of land "for the use of the inhabitants of Delaware County to accommodate the public service of the county" was held not to create a base-fee......; as also a grant to county commissioners and their successors in office of a tract of land with a brick court house thereon erected "in trust for the use of said county, in fee-simple," the statute under which the purchase was made authorizing the acquisition of the property for the purpose of a court house, jail and office for the safe keeping of the records......Similarly a devise of land to a religious body in fee "there to build a meeting house upon" was held to pass an unqualified estate......; as also a grant to a congregation "for the benefit, use and behoof of the poor of......the congregation......forever, and for a place to erect a house of religious worship, for the use and service of said congregation, and if occasion shall require a place to bury their dead"......' Most of the cases on the subject under discussion are reviewed in the opinion of Judge ENDLICH from which we have just quoted and which is reported and expressly approved by this court in the case last cited. It is there pointed out that this court has ruled more than once that a declaration in a grant to a corporation that land is conveyed for certain purposes does not necessarily import a limitation of the fee.

To again quote from that opinion: 'Such a declaration can amount to no more than an explicit assertion of the intended legality of the grant.  As was said, in the case of Griffitts v. Cope (17 Pa. 96): "The use to which the granting clause declares that this land is to be applied is of the character which the law requires......The presumption would therefore appear fair and obvious, that by that declaration, the devisor merely meant to make the grant lawful upon its face"; and in Brendle v. German Reformed Congregation (33 Pa. 415): "What then is the efficacy of the declaration that the congregation holds the land for the use of its poor, for a church, and for a burial ground?  Nothing, except to show that they hold it for a purpose for which the law allows congregations to hold land.  Not to limit their own title, but to recognize the uses allowed by law"......'  In First Methodist Church v. Old Columbia Public Ground Co., 103 Pa. 608, we stated: 'The authorities show that the recital of the consideration and the statement of the purpose for which the land is to be used are wholly insufficient to create a conditional estate.'  The subject is also discussed in Wilkes-Barre v. Wyoming Society, supra [134 Pa. 616], and in Sellers M. E. Church's Petition, 139 Pa. 61."

Decree affirmed at the cost of the appellant.