# Sapper et al., Appellants, *v.* Mathers.

*Deeds—Conditions subsequent — Strict construction — Restriction on alienation—Conveyance for burial purposes—Limitations —Reversion—Forfeiture.*

1. A limitation in a deed of the use to which the land conveyed may be put, does not, without more, create a conditional fee or cause a forfeiture, if put to another use. Where a deed makes no provision for a reversion or forfeiture, none exists.

2. Where land is conveyed for a valuable consideration to an incorporated burial association "for no other purpose whatsoever than a cemetery or burial ground," and with no provision for a reversion or forfeiture, and after a great length of time, and on account of changed conditions, the association is compelled to abandon its use for burial purposes, it may sell the land and convey a fee simple title therein.

3. All provisions in deeds which seek to tie up real estate and prevent alienation are strictly construed.

4. Conditions subsequent are strictly construed when the happening of the event closes an otherwise absolute fee-simple estate.

Submitted April 19, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 139, Jan. T., 1926, by plaintiffs, from judgment of C. P. No. 5, Phila. Co., June T., 1924, No. 4497, for defendant, on whole record, in case of Sarah Sapper et al. v. Frank F. Mathers. Affirmed.

Ejectment for land in former township of Moyamensing now in City of Philadelphia.

Rule for judgment on whole record. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on whole record.   Plaintiffs appealed.

*Error assigned* was, inter alia, judgment, referring to record.

*Richard P. Tricker, Jr., Rodney T. Bonsall* and *Evans, Bayard & Frick,* for appellants.

*Stanley B. Rice,* and *Maurice W. Sloan,* for appellee.

OPINION BY MR. JUSTICE WALLING, May 10, 1926:

In 1827, Elizabeth Iseminger conveyed a plot of ground, in what is now the City of Philadelphia, to certain named persons, as the deed recites: "In trust nevertheless and to and for the sole, exclusive and only use of the Mutual Family Burial Ground Association of the City and County of Philadelphia aforesaid and their executors forever, for a possession of burying place or ground unto the several members thereof, respectively and severally and not jointly, to be occupied and to be used by them, their heirs and assigns for no other purpose whatsoever than a cemetery or burial ground, in way and manner in and by the constitution and laws of the Mutual Family Burial Ground Association of the City and County of Philadelphia aforesaid particularly set forth, expressed, limited and declared, etc." It was so used until 1923, when by order of the quarter sessions court made pursuant to the Act of June 25, 1913, P. L. 551, the bodies there buried were removed elsewhere and the use of the plot as a cemetery was discontinued. Thereupon the cemetery authorities for value conveyed the same to Emma M. Dennis, who in turn conveyed it to Frank F. Mathers, the defendant.   Later the plaintiffs, as heirs-at-law of Elizabeth Iseminger, brought this ejectment on the contention that the deed from her vested in the grantees a base or conditional fee only,

which terminated when the use of the land as a cemetery was discontinued. The pleadings state the case and thereon the trial court, on motion, entered judgment for the defendant and plaintiffs have appealed.

The judgment was properly entered. The charter of the cemetery association permitted it to hold land for burial purposes only, which may account for the deed being so drawn, but a consideration of $1,500 was paid for the plot and the grantor reserved no interest therein or provision for reversion. The above-quoted clause of the deed was at most a limitation on the use of the property but not of the title. It was intended as permanent, not temporary, with no clause of forfeiture. It is a matter of common knowledge that, to meet altered conditions and in the interest of public health, the location of cemeteries must often be changed. Recognizing this, the legislature has provided how and when it may be done. Plaintiffs have no equity; if they can recover here after one hundred years, so could the heirs of a like grantor after five hundred or a thousand years, which would be intolerable. To prevent this, all provisions which seek to tie up real estate and prevent alienation are strictly construed, and as the deed in question makes no provision for a reversion or forfeiture, none exists. To make the estate conditional the words must clearly show such intent: Cook v. Trimble, 9 Watts 15. See also Brendle v. The German Reformed Congregation et al., 33 Pa. 415. We have repeatedly held that a deed's limitation of the use to which the land conveyed might be put did not, without more, create a conditional fee or cause a forfeiture if put to another use. For example, in T. W. Phillips G. & O. Co. v. Lingenfelter, 262 Pa. 500, it is held, in an opinion by Chief Justice BROWN, that a deed to a school board "for school purposes only" vests an estate in fee simple, with all mineral rights, and that the words in the deed as above quoted are surplusage. In Drace et al. v. Klinedinst, 275 Pa. 266, 268, Mr. Justice KEPHART, speaking for the court, says:

"The policy of the law is to keep the alienation of land free from embarassing impediments, and it endeavors to strip devises and grants of restrictive conditions tending to fetter free disposition; therefore, if the language of the condition is not clear, or is hostile to a state policy in any form, it is not given effect. Moreover, conditions subsequent are always strictly construed when the happening of the event closes an otherwise absolute fee estate; so, where there is no limitation over or reverter mentioned, leaving succession to doubtful claimants, it has been held in different states the grant or devise is absolute......Thus, for instance, it has been held that, where a clause in a deed to a city is conditioned that a lot should be used as a burying ground, and for no other purpose whatsoever, without any record of any intention, either express or implied, that the land should under any circumstances return to them or their representatives in case it is not so used, a fee is conveyed and cannot be disturbed when there is a use made different from that nominated in the deed"; citing Rankin Regular Baptist Church v. Edwards, 204 Pa. 216, 217; First Methodist Episcopal Church v. Old Columbia, etc., Co.; 103 Pa. 608, 613, and other cases. A like rule is announced in the opinion of the court by the present Chief Justice in Riggs v. New Castle, 229 Pa. 490. In Stuart v. Easton, 170 U. S. 383, Mr. Justice WHITE, later Chief Justice, on a review of the decisions of our court, in an exhaustive opinion, holds that thereunder a stipulation in a conveyance like that in the instant case does not cause a limitation of the fee. The same conclusion was reached by the trial court in the case at bar after a most careful and exhaustive review of the authorities by President Judge MARTIN, which he concludes by saying that: "It will be seen that the deed closely follows the wording of the charter, and it is apparent that the purposes for which the conveyance was made, were the purposes for which the association could lawfully hold real estate. None of the technical words usually employed

for the purpose of creating a condition appears in the deed. There is nothing to indicate that the consideration paid was not the full value of the land. No restraint was imposed on any alienation of the land. No clause provided for a forfeiture or termination of the estate in case the land ceased to be used for burial purposes. There was no reservation of a right of reëntry on any contingency, and no technical words to create a condition, or other words equivalent thereto. The title conveyed by Elizabeth Iseminger to the trustees of the Mutual Family Burial Ground Association was a fee simple title. The words limiting the use of the property as a burying ground did not create a condition or reduce the title to a base fee. Having proceeded in accordance with the act of assembly the association was authorized to sell the property, and the present holder obtained a title in fee simple."

We will not refer in detail to the authorities upon which appellants rely; they are not parallel with the instant case, as is pointed out by the trial court and also in cases above cited. Doubtless a grantor may, under proper circumstances, prevent the use of property for a purpose prohibited in the deed, but that is not this case.

The judgment is affirmed.