## GLADEWATER COUNTY LINE INDEPENDENT SCHOOL DIST. v. HUGHES et al.*

### No. 4303.

Court of Civil Appeals of Texas. Texarkana.
March 23, 1933.

Rehearing Denied March 30, 1933.

---

*Writ of error granted.

title to the acre of land in suit revested in the original grantor on the abandonment of its use for school purposes. It is the rule that in the absence of a statute or provision in the grant there is no right of reversion where land, acquired in fee simple for public school purposes, is no longer used or is abandoned for such use. 56 C. J. § 461, p. 461. In this state there is no statutory provision for reversion of the title to the grantor where the property is not used or is abandoned for school purposes. The statutory provision reads: "The trustees of any school district, upon the order of the county trustees prescribing the terms thereof, when deemed advisable, may make sale of any property belonging to said school district, and apply the proceeds to the purchase of necessary grounds, or to the building or repairing of schoolhouses, or place the proceeds to the credit of the available school fund of the district." Article 2753, R. S., also article 2756.

The question must then turn upon the proper construction of the deed from A. L. Hughes to the trustees of the school district. The rule is too well established to admit of debate that a deed must be construed most favorably to the grantee so as to confer the largest estate which a fair interpretation of its terms will admit. Hancock v. Butler, 21 Tex. 804; Hunt v. Evans (Tex. Civ. App.) 233 S. W. 854; Cartwright v. Trueblood, 90 Tex. 535, 39 S. W. 930, 931; 14 Tex. Jur. § 148, p. 926. By the habendum clause in the deed the land described was to be holden by the trustees of the Gladewater School District No. 3, and their assigns "forever." Those words of themselves indicate the giving of complete dominion and an unrestricted and unlimited power of disposition of the land conveyed, which would be equivalent to a title in absolute fee simple. But in the granting clause appears language which must be considered in determining whether or not the language of the entire instrument points to a different conclusion than that of an estate created in full fee-simple title. The following is the language:

"* * * Have granted, sold and conveyed, and by these presents do grant, sell and convey unto C. L. Bray, J. F. Phillips and E. W. Clements, Trustees of the Gladewater School District No. 3 for school purposes only for the colored children of the County of Gregg, State of Texas, all that certain tract or parcel of land described as follows: * * *

"It is understood that the land is deeded to the Trustees for school purposes only for the colored children of District No. 3 of Gregg County, Texas."

The language of the deed is emphatic in the declaration of the purpose for which the granted premises shall be used, which is the accomplishment of the specific purpose "for school purposes only." The intent of the

LEVY, Justice (after stating the case as above).

There is presented for decision the point in view, in effect, of whether or not the

grantor is too clearly and forcibly expressed to doubt that he intended the land granted should be used for the purpose declared. The land itself was granted and not a mere easement. Stanbery v. Wallace (Tex. Com. App.) 45 S.W.(2d) 198. The deed, though, in granting the land itself and not its mere use, contains no intimation that it was made on a condition.. There are no words to indicate an intention that, if the grantee permitted the land to be used for different purpose or there be abandonment of the use for the specific purpose, the title should thereupon be determined or revert to the grantor or his heirs. There are no words of proviso or condition or apt words to create or raise a condition. 12 Tex. Jur. § 4, p. 8; Warvelle on Vendors (2d Ed.) § 445, p. 526. There is no clause of forfeiture or grant. It is especially the rule applicable to the construction of grants that a deed will not be construed to create an estate on condition or limitation unless language is used which, according to the rules of law, from their own force, imports a condition or limitation or the intent of the grantor to make a conditional estate is otherwise clearly and unequivocally indicated. Article 1291, R. S.; 12 Tex. Jur. § 86, p. 131; 2 Devlin on Real Estate, § 970, p. 1805. Quoting the rule from Ryan v. Porter, 61 Tex. 106: "Implied conditions subsequent in grants, devises, etc., are not the favorites either of the courts of law or equity, but are discouraged by both, as that doctrine is usually invoked for the purpose of securing a forfeiture of the estate. If the instrument will bear any reasonable construction that will defeat the springing of an implied condition subsequent, at law as in equity, that construction will be adopted. Estates upon implied conditions subsequent cannot be created by deed, except where the terms of the grant will not admit of any other reasonable construction."

See rule of construction: Adams v. First Baptist Church, 148 Mich. 140, 111 N. W. 757, 11 L. R. A. (N. S.) page 513, 12 Ann. Cas. 224.

■ The grant here was not voluntary, but for a consideration which was in all probability the full value of the land. And taking into consideration the whole instrument and the purpose of the grant and the absence of any clause of forfeiture or of re-entry, the fair construction is that the grantor intended the words "for school purposes only" as designating the beneficiaries. Such words in effect are the same as the words "for the benefit of the public schools," which is the statutory language of the purpose of a conveyance of land to district school trustees.

Article 2750, R. S., expressly declares that a conveyance of land to district school trustees vests the title in them "for the benefit of the public schools" or for school purposes. It is believed that it is definitely settled, and the conclusion fully warranted, that a deed of land to school trustees for "school purposes," wherein the habendum clause was to have and to hold unto the school trustees and assignees forever, was a conveyance of a fee-simple title, and simply that. Taylor v. County School Trustees (Tex. Civ. App.) 229 S. W. 670; Wilson v. County School Trustees (Tex. Civ. App.) 229 S. W. 669; Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985; Ryan v. Porter, 61 Tex. 106; Long v. Moore, 19 Tex. Civ. App. 363, 48 S. W. 43; T. W. Phillips Gas & Oil Co. v. Lingenfelter, 262 Pa. 500, 105 A. 888, 5 A. L. R. 1495; McElroy v. Pope, 153 Ky. 108, 154 S. W. 903, 44 L. R. A. (N. S.) 1220. Quoting from the case of Lingenfelter, supra, "The insertion in a deed of a parcel of land to a school district * * * of the words 'for school purposes only' does not restrict the title of the district. * * *" The mere expression of a purpose will not debase a title.

There was a reverter clause in the cases: Pitts v. Camp County, 120 Tex. 558, 39 S.W. (2d) 608, 615; Id. (Tex. Civ. App.) 42 S.W.(2d) 853; Skipper v. Davis (Tex. Civ. App.) 59 S. W.(2d) 454. The grant was a determinable fee, by its terms to become null and void in the event named, in the cases: Texas Co. v. Davis, 113 Tex. 321, 254 S. W. 304, 255 S. W. 601; Robinson v. Jacobs, 113 Tex. 231, 254 S. W. 309. The case of Martin v. Texas & P. Rwy. (Tex. Civ. App.) 53 S.W.(2d) 514, was a grant of the land itself and not mere use and there could arise at most, though doubted, a covenant only as to use.

Both parties claim title under A. L. Hughes as common source. It is urged, though, on appeal as error, of the finding that the plaintiff has proven title in it as successor to the rights of the Gladewater School District No. 3. There is no evidence showing or agreement admitting that there was inclusion of the territory of the Gladewater School District No. 3 within the boundaries of the incorporated Gladewater County Line Independent School District. In the absence of such proof it may not be said that the County Line Independent School District absorbed the school district No. 3 with legal right of succession to the property of school district No. 3. As far as the record shows, school district No. 3 may be existent.

The judgment is reversed and the cause is remanded.