## Norton's Appeal.

240

[redacted]

Submitted May 22, 1933. Before FRAZER, C. J., KEP-HART, SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Joseph E. Pappano, R. P. Lessy* and *John E. Mc-Donough,* for appellant.

*J. H. Ward Hinkson,* for appellees.

PER CURIAM, June 30, 1933:

This is an appeal from a decree of the Court of Common Pleas of Delaware County denying a petition to vacate the appointment of substituted trustees for the Free Christian Church, a nondenominational religious body formerly existing in the Township of Ridley. The premises upon which the church building was located were conveyed to named trustees by deed of trust dated December 29, 1818, but those trustees and their successors are now long since dead. About the year 1865, occupancy of the church building was discontinued, although

a large part of the premises remained in use as a burial ground for deceased members of the church and their relatives. From the record it appears that a few years ago appellant and her two sons entered upon the premises, removed the ruins of the church and headstones in the burial ground, and erected thereon a gasoline filling station, automobile service and repair shop, and a dwelling. On June 17, 1932, a petition was presented to the lower court by twenty-four residents of the community for the appointment of trustees to take the place of those first appointed and their successors with power to manage and control the premises as vested in the original trustees. By amendment to the petition it was stated that several of the petitioners had interest in the burial ground through the interment there of relatives. The appointment of five trustees to manage the property was, after argument, confirmed by the court.

Appellant's petition to vacate the appointment challenges the method of appointment of the trustees. We fail to find, however, any interest or right in appellant sufficient to sustain her petition. She alleges she is the great-granddaughter of the original grantor, but as there was no condition of reversion attached to the original deed of trust, this circumstance is insufficient to give her standing in court: Rankin Regular Baptist Church v. Edwards, 204 Pa. 216; Sapper v. Mathers, 286 Pa. 364.

The appeal is dismissed at appellant's cost.