## Pearson et al., Appellants, *v.* Nelley et al.

Argued May 26, 1938. Before KEPHART, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John B. Pearson,* for appellants.

*Walter R. Sohn,* County Solicitor, for appellees.

OPINION BY MR. JUSTICE LINN, June 30, 1938:

In beginning his adjudication,[1] the learned chancellor said: "This is a friendly proceeding in order to have determined the right of the County of Dauphin to sell the property upon which the Court House and Prison are located so that another site may be selected for the same purposes." The plaintiffs, heirs at law of John Harris, filed a bill against the commissioners of Dauphin County to restrain the proposed sale. The case was heard on bill and answer. If there is any objection to such a proceeding in equity, it may be resolved by dealing with the case[2] as a proceeding for a declaratory judgment construing the deed or contract: section 2, Act of June 18, 1923, P. L. 840, 12 PS section 832.

By deed dated July 6, 1785, and duly recorded, John Harris and wife conveyed to the commissioners of Dauphin County four certain lots of ground "in trust[3]

---

[1] Reported in 44 Dauphin Co. Rep. 146.

[2] Compare *Lindsley v. First Nat. Bank,* 325 Pa. 393, 396, 190 A. 876; *Kariher's Petition (No. 1),* 284 Pa. 455, 464 et seq., 131 A. 265.

[3] See section 9 of Act of 1834, P. L. 537, 16 PS section 1881 as amended by Acts of 1929, P. L. 1278, and 1937, P. L. 328, 16 PS section 551.

for the use of the inhabitants of the Said County of Dauphin." The deed was executed in performance of a contract (if written, it has been lost) recited in a bond dated March 4, 1785, given by Harris to the Commonwealth. The contract appears to have provided that, in consideration of the creation of Dauphin County as a separate county[4] and the establishment of Harrisburg as the county seat, Harris would convey the said lots as sites for a courthouse and jail. The commissioners were authorized by the Act of March 4, 1785, 2 Sm. L. 284, 286, to accept the lots for the purposes specified, pursuant to which the deed referred to was executed and delivered. The courthouse and jail were erected. The answer admitted that steps had been taken, as averred by plaintiffs, to sell the land, subject to the approval of the court of common pleas of the county. See Act of May 2, 1929, P. L. 1278, Art. VIII, section 675, 16 PS section 675, as amended by Act of April 21, 1937, P. L. 328.

The question is whether the county received a fee simple absolute, or a fee simple defeasible by cessation of use for courthouse and jail. The learned court below was of opinion that the county took a fee simple absolute.

The deed provided that Harris and wife "DO grant bargain sell alien release enfeoff and confirm unto them the said Jacob Awl . . . their Heirs and assigns . . . FOUR certain lots of ground in the aforesaid Town of Harrisburgh Marked in the General plan of said Town No. 120 No. 121 No. 142 No. 143 situate and bounded as follows . . ." [then follows the boundaries] "TO HAVE AND TO HOLD the aforesaid described . . . four Lots of ground hereditaments and premises, hereby granted or mentioned or intended so to be with the appertainances unto them the said Jacob

---

[4] What is now Dauphin County was then part of Lancaster County.

Awl . . . their Heirs and Assigns to the only proper use benefit and benefit and behoof of them the said Jacob Awl . . . their heirs and assigns forever BUT Nevertheless upon the trusts and to and for the ends intents purposes and subject to the uses hereinafter mentioned expressed and declared. That is to say the Streets lanes and alleys in trust for publick use forever, and the above described four lots of ground in trust for the use of the inhabitants of the said County of Dauphin, . . ."

The deed contained a recital that Harris had given his bond to the Commonwealth in the sum of £5,000 conditioned that he would convey to the commissioners "a good and sufficient Lot of ground for Erecting a Court House and Gaol thereon in trust for the use of the Inhabitants of said County of Dauphin."

In arriving at the intention of the grantors it is first to be noticed that there are no words indicating that the parties intended that on the removal of the courthouse and the prison or either the vacated land should revert to the grantors. It has long been settled that mere expression of a purpose will not of and by itself debase a fee: *Kerlin v. Campbell,* 15 Pa. 500 (1850) ; *Griffitts v. Cope,* 17 Pa. 96; *Brendle v. German Reformed Congregation,* 33 Pa. 415; *Seebold v. Shitler,* 34 Pa. 133. It has likewise been held that when limitations are relied on to debase a fee they must be created by express terms or clear implication, a result of the policy of the law favoring alienability of land: *Methodist Church v. Old Columbia Public Ground Co.,* 103 Pa. 608. What was said by WHITE, J., in *Stuart v. Easton,* 170 U. S. 383, at 397, in construing quite similar title papers, is particularly appropriate: "If the grant be viewed as one merely to trustees to hold 'for the uses and purposes mentioned in the act of the assembly,' it is clear that the fee was not upon a condition subsequent nor one upon limitation. There are no apt, technical words (such as *so that; provided; if it shall happen;* etc.: 4 Kent Com., note b, p. 132; 2 Washburn on Real Property, p. 3)

contained in the grant, nor is the declaration of the use coupled with any clause of reëntry or a provision that the estate conveyed should cease or be void on any contingency. (Ib.) So, also, we fail to find in the patent the usual and apt words to create a limitation (such as *while; so long as; until; during;* &c.: 4 Kent, Ib.), or words of similar import. And, for reasons already stated, if we disregard the absence of technical terms or provisions importing a condition or limitation, and examine the deed with a view of eliciting the clear intention of the parties, we are driven to the conclusion that it was the intention of the grantors to convey their entire estate in the land." See also Restatement, Property, section 44 and comments. Cases like *Pennsylvania Horticultural Society v. Craig,* 240 Pa. 137, 87 A. 678, and *Slegel v. Lauer,* 148 Pa. 236, 23 A. 996, by their express terms showed that fee simple absolute was not intended to be conveyed.

We must therefore conclude, as the learned court below did: "1. There is no reversionary interest in the heirs of John Harris to the four lots of ground upon which the Dauphin County Court House and Dauphin County Prison are erected.

"2. The County of Dauphin is the owner in fee of the lots of ground upon which the Court House and Prison are now erected.

"3. The County Commissioners of Dauphin County have the power to sell the said four lots of ground upon which the Court House and Prison are now erected, and convey the same to the purchaser or purchasers thereof in fee simple," subject to the approval of the court as required by law.

Decree affirmed, each side to pay its own costs.

Mr. Justice SCHAFFER did not participate in the decision of this case.