## Brown et al. v. Daft et al.

*Charles H. Davison*, for plaintiffs.

*LeRoy S. Maxwell*, for defendants.

*James A. Strite*, trustee ad litem.

WINGERD, P. J., October 30, 1950.—This matter comes before the court on an amicable action in assumpsit and case stated.

On July 16, 1934, Dr. F. Ward Denys and his wife, as grantors, conveyed certain real estate to "Wyatt Brown, Bishop of the Protestant Episcopal Diocese of Harrisburg, and to his successors in office, to be used by the Bishop and his family or by clergy of the Diocese and their families as designated by the Bishop". The real estate described in the deed had buildings erected on it for in the deed we find this clause: "It is understood that this deed shall pass no title to the furniture and other strictly personal property in the building on the lots hereby conveyed." On October 2, 1940, grantors executed another instrument as a deed to "Wyatt Brown, Bishop of the Protestant Episcopal Diocese of Harrisburg, and after his death to his successors in office, to be used by the Bishop and his family during his lifetime, or by clergy of the Diocese and their families as and when designated by the said Bishop Brown". This instrument explains that there was some question arising of the rights of Bishop Brown to use and enjoy the real estate, described in the first deed, after he ceased to act as the Bishop of the Protestant Episcopal Diocese of Harrisburg and it declares the intention of the parties to the former deed to be that Wyatt Brown was to have the unrestricted use and enjoyment of the real estate so long as he lived.

Wyatt Brown, also known as Hunter Wyatt-Brown, John Thomas Heistand, Bishop of the Protestant Episcopal Diocese of Harrisburg, by Charles L. Miller, trustee ad litem, agreed to sell the real estate in question to Floyd S. Daft and Pauline M. Daft, his wife, who paid to plaintiffs $500, as down money for the real estate, but refused to pay the balance of the purchase price, $4,500, on the ground that plaintiffs did not have a fee simple title or, if it is such a title, it is impressed by a charitable use and can be conveyed only by order of the Court of Common Pleas under the Revised Price Act. A deed duly executed by the persons agreeing to sell the real estate was tendered to Floyd S. Daft and his wife and refused by them.

The present action in assumpsit and case stated was then brought to adjudicate title, by Wyatt Brown, also known as Hunter Wyatt-Brown, John Thomas Heistand, the Protestant Episcopal Diocese of Harrisburg, by Charles L. Miller, trustee ad litem, as plaintiffs, versus Floyd S. Daft and Pauline M. Daft, his wife, and the successors to John Thomas Heistand as Bishop of the Protestant Episcopal Diocese of Harrisburg, by James A. Strite, trustee ad litem, as defendants. James A. Strite had been appointed trustee ad litem to represent the successors to John Thomas Heistand as Bishop of the Protestant Episcopal Diocese of Harrisburg, such persons being those who have claims to the real estate adverse to the claims of plaintiffs. They were joined through their trustee ad litem pursuant to Pa. R. C. P. 2229 (e) (2). The amicable action submitted to the court for determination: (1) Whether or not by the deed of July 16, 1934, Dr. F. Ward Denys and wife conveyed a fee simple title to grantees therein; (2) whether or not plaintiffs can convey to defendants, Floyd S. Daft and wife, a good and marketable title in fee simple absolute free of any charitable use, and (3) whether or not the successors of the Bishop of the

Protestant Episcopal Diocese of Harrisburg have any claim to the real estate involved. The usual provision for entering judgment for plaintiffs, if they can convey proper title and for defendants if they cannot, was included in the case stated.

It seems to this court that the questions involved are whether or not the deed from the Denys to Wyatt Brown was a deed in fee simple and, if it was, whether it was a conveyance in fee simple free of or subject to a charitable trust.

Was this a conveyance in fee simple? It is contended that, by reason of the words "and his successors in office", we have a succession of life estates which undoubtedly violates the rule against perpetuities and at most the conveyance was no more than a conveyance of a life estate to Wyatt Brown. We feel that this is giving an incorrect effect to the words "and his successors in office". The effect of the words "grant and convey" under section 1 of the Act of April 1, 1909, P. L. 91, 21 PS §2, is to convey a fee simple title without any words of inheritance unless expressly limited to a lesser estate, so we have to consider whether or not the words "and his successors in office" limit the effect of the words "grant and convey". The words "and his successors in office" are appropriate for a conveyance to a corporation sole which was recognized in England but does not seem to be recognized in Pennsylvania. In the Pennsylvania Annotations to A. L. I. Restatement of the Law of Property §33, it is said, "No cases appear in Pennsylvania which recognize the existence of a corporation sole". This is not a conclusive statement that the doctrine of corporation sole is not recognized in Pennsylvania. However, there is no statute in Pennsylvania authorizing the creation of corporations sole and there seems to be no reason for their creation in Pennsylvania as originally they were largely used to enable a church or religious or-

ganization to hold lands through one of its officers and his successors in perpetuity and we now have and have had since the Act of April 6, 1791, 3 Sm. L. 20, an adequate method for the incorporation of religious corporations. It is our conclusion that a corporation sole is not recognized in Pennsylvania and, therefore, the words "and his successors in office" were ineptly used. It is true that in conveyances to unincorporated associations in Pennsylvania the conveyance is often made to certain persons as trustees and their successors in office, however, in the instant case the grantee is no such legal entity. As no words of inheritance or perpetuity are necessary to convey a fee simple title when the words "grant and convey" are used, the fact that inaccurate and inept words are used which indicate an intention to convey in perpetuity cannot limit or change the effect of the words "grant and convey". The conveyance must be considered as a conveyance to Wyatt Brown personally and the words "Bishop of the Protestant Episcopal Diocese of Harrisburg" as merely descriptive. See Hannen v. Ewalt, 18 Pa. 9.

We must now consider whether or not the title conveyed was a base fee because of the provision that the land conveyed was "to be used by the Bishop and his family or by clergy of the Diocese and their families as designated by the Bishop".

The mere fact that the purpose of the conveyance is stated in it is not sufficient by itself to debase a fee. The deed in the instant case contains no express provision for reversion or forfeiture and does not contain the ordinary words which create a limitation such as "while", "so long as", "until", "during", etc. A deed which conveys certain real estate to a grantee to be used for a particular purpose and which does not state that the conveyance is made on condition that it is to be used for that purpose, or "while" or "so long as" it is used for that purpose, does not convey a base fee in

which grantors and their heirs and representatives retain a reversionary interest: Pearson et al. v. Nelley et al., 331 Pa. 376, 200 A. 654; Abel et al. v. Girard Trust Co. et al., 365 Pa. 34, 37; A. L. I. Restatement of the Law of Property 45, note o; Commonwealth ex rel. Bard v. Delaware Division Canal Company et al., 332 Pa. 53, 58, 59. The failure to use the property for the purposes designated constitutes merely a breach of covenant or a breach of trust as the case may be. "To make the estate conditional the words must clearly show such intent; . . .". Commonwealth ex rel. Bard v. Delaware Division Canal Company et al., 332 Pa. 53, 58.

In Pearson et al. v. Nelley et al., supra, it is said on page 379, "It has long been settled that mere expression of a purpose will not of and by itself debase a fee: Kerlin v. Campbell, 15 Pa. 500 (1850); Griffitts v. Cope, 17 Pa. 96; Brendle v. German Reformed Congregation, 33 Pa. 415; Seebold v. Shitler, 34 Pa. 133. It has likewise been held that when limitations are relied on to debase a fee they must be created by express terms or clear implication, a result of the policy of the law favoring alienability of land: Methodist Church v. Old Columbia Public Ground Co., 103 Pa. 608."

In the instant case the words, "to be used by the Bishop and his family or by clergy of the Diocese and their families as designated by the Bishop", do not indicate any intention that there shall be a forfeiture or that any reversionary interest is reserved for the benefit of grantors which would cause the fee to revert to them if the purpose is not carried out. The conveyance from the Denys to Wyatt Brown was clearly not of a fee upon a condition subsequent or one upon limitation. A fee simple title was conveyed.

The next question which arises is whether the title conveyed was a fee simple title free of or subject to a charitable trust. To our minds this is largely a matter

of grantor's intention as expressed in the conveyance. It is not necessary that the word "trustee", or "trust", or the words "in trust" be used. A. L. I. Restatement of the Law of Trusts §351. The words here used are not merely precatory, no discretion is given to the trustee. The words here used are mandatory. The real estate is conveyed "to be used, etc.", which is a definite direction to grantee without giving to him any choice or discretion as to the purpose for which the real estate conveyed is to be used. The plain intention of grantors was that the real estate conveyed, which consisted of a residence property and a lot of ground, be held for the use of the Bishop of the Diocese of Harrisburg and his family, not a particular bishop, but for any person who held that office, and by the clergy of the diocese and their families as the bishop designated. The use of the words "and his successors in office" indicates that grantors had in mind that the succeeding bishops should have the right to use the real estate and to designate the clergy who were to use it.

In Abel et al. v. Girard Trust Co. et al., 365 Pa. 34, it is said on pages 39 and 40:

"A charitable trust is created by deed where there appears in the deed an intention that the transferee shall hold the land subject to the equitable duty to use the land for a charitable purpose. See Thompson's Estate, 282 Pa. 30, 34, 127 A. 446; Restatement of Trusts, section 348. . . . 'It is the purpose to which the property is to be devoted which determines whether the trust is charitable, not the motives of the (grantor)'; 3 Scott on Trusts, section 348, page 1916. . . .

"In *Griffitts et al. v. Cope et al.*, 17 Pa. 96, land was devised to executors to be granted 'unto such persons as the monthly meeting of (Quakers) shall nominate . . . there to build a meeting-house upon, if the members of that meeting shall agree to build a meeting-house there, but not else.' The heirs of the grantor subse-

quently sought to recover the land alleging the creation of a base fee and non-user for the limited purposes in the deed. It was held that as between the grantor and grantees there was a conveyance of a fee simple and that as between the grantees and the beneficiaries there was charitable trust enforceable under and subject to disposition in accordance with the general laws of the commonwealth."

Providing a place of residence for the bishop and his family or for the clergy and their families of a diocese of the Protestant Episcopal Church seems to us to be an act of charity. It has to do, at least, indirectly with the furtherance of religion by providing a place of residence for the bishop and clergy whose chief work is the furtherance of the Christian religion. A trust to rebuild or repair a parsonage is a valid and charitable trust, 2 Bogart Trusts and Trustees, sec. 375, p. 1179. In Tollinger Estate, 349 Pa. 393, a bequest in trust for the income to be paid to the treasurer of a men's club connected with a named church, to be expended by the treasurer exclusively for food for banquets and in the event that the club should at any time cease to exist, the income was to be paid to any worthy, charitable cause, it appearing that the club was an adjunct to the church and that it helped to facilitate social intercourse and religious thought, was held to be a charitable trust. In it the Supreme Court said, on page 396:

"A charitable use may be applied to almost anything tending to promote the well-doing and well-being of social man: *Centennial and Memorial Assn. of Valley Forge*, 235 Pa. 206, 211."

Furnishing of a residence for the use of the bishop and the clergy of a diocese of the Protestant Episcopal Church and their families, whether such provision is for a limited portion of the year or continuous, is clearly a charitable use.

In our opinion the conveyance in question was of a fee simple title to Wyatt Brown subject to a charitable trust for the charitable uses therein mentioned.

The fact that Wyatt Brown is both trustee and one of the beneficiaries of the trust is perfectly proper. A. L. I. Restatement of the Law of Trusts, §115(3).

Plaintiff's have cited and rely largely upon Rankin R. B. Church v. Edwards, 204 Pa. 216. In that case no question was raised with reference to a charitable trust. The statement of purpose was "to have and to hold the said lot of ground for mission school purposes, hereditaments". There is no mention of any person or persons who would be beneficiaries of the trust. There was merely a statement of a general purpose. This is entirely different than a conveyance to a particular person to be used for the benefit of that person and other persons clearly identified. We do not feel that the decision in that case which holds definitely that the statement of the purpose in the conveyance, therein in question, did not create a condition and that a fee simple absolute title was conveyed, is contrary in any way to our decision in the instant case, that, although, a fee simple title was conveyed, it is subject to a charitable trust.

Our conclusion that the title conveyed was a fee simple title subject to a charitable trust causes us, under the case stated, to find for defendant. However, the Revised Price Act of June 7, 1917, P. L. 388, 20 PS §1561, provides a method by which land held in trust may be conveyed so that a fee simple title absolute vests in the grantee. Of course, whether this procedure will be followed in the instant case is entirely for the persons involved to decide.

By reason of the death of Charles L. Miller, David F. Chambers, Jr. was substituted as trustee ad litem for the Protestant Episcopal Diocese of Harrisburg in the

present proceeding, after the matters at issue therein had been argued, pursuant to agreement of the parties and approval thereof by this court.

Now, October 30, 1950, it is ordered and decreed that judgment shall be entered for defendant.