Peters, Appellant, *v.* East Penn Township School District.

Argued September 27, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Martin H. Philip,* for appellant.

*Albert H. Heimbach,* for appellee.

OPINION BY RHODES, P. J., November 13, 1956:

This is an action of ejectment brought by Earl C. Peters against the East Penn Township School District, Carbon County, to establish that its title to forty square rods (¼ acre) of ground was a determinable fee which terminated when the use of the land for school purposes was discontinued. On a case stated the court below filed an opinion and entered a special verdict in favor of the school district. Earl C. Peters appealed to this Court.

The controversy arises from certain language in a deed of November 9, 1893, by which James F. Peters, of whom Earl C. Peters is an heir, conveyed the property in question to the East Penn Township School District. The habendum clause of the deed provides: "To have and to hold the said piece of ground, and appurtenances, to the School District aforesaid, and its assigns as long as it is used for public school purposes." The warranty clause provides that the grantor

will warrant and defend the premises to the school district "as long as it is used for public school purposes." The property is no longer used for school purposes, and the school district has instituted separate proceedings for the purpose of selling the property to a prospective buyer to whom it desires to give a fee simple title. It could not do so, however, according to the case stated, while the present action of ejectment remains as a cloud on the title.[1]

The contention of appellant is that the words "as long as it is used for public school purposes" created "a base fee determinable," and that, since the property is no longer used for the stated purpose, the land has reverted. On the other hand, the school district contends that these words express only a purpose for which the conveyance was made, and that they are not a limitation on the title. The effect of a deed and the extent of the estate conveyed are controlled by the intention of the grantor as expressed therein. In view of the public policy favoring the free alienability of land, a deed which would convey an estate in fee simple except for certain words, or for a phrase or clause must be interpreted strictly against any such limitation unless the grantor's intention to so limit the fee is clearly expressed or necessarily implied. *Sapper v. Mathers,* 286 Pa. 364, 367, 133 A. 565; *Abel v. Girard Trust Company,* 365 Pa. 34, 38, 73 A. 2d 682. Words which merely express the purpose for which the conveyance is made are not considered words of limitation on the title; such words are viewed as superfluous to the grant. *T. W. Phillips Gas & Oil Co. v. Lingenfelter,* 262 Pa. 500, 502, 105 A. 888.

---

[1] See Act of July 2, 1937, P. L. 2793, 53 PS §1331 et seq. for statutory procedure.

The court below, after discussing a number of cases in which purported limiting expressions were held to be statements of purpose, concluded that the words in the instant deed were similar thereto, that they were expressive merely of a purpose, and that they did not import a limitation. The court thereupon held that an absolute fee passed to the school district.

We find various expressions used in those cases in which it has been held that only a purpose had been expressed. Examples of such expressions are: "for the use of the inhabitants," *Pearson v. Nelley*, 331 Pa. 376, 378, 200 A. 654; "for school purposes only," *T. W. Phillips Gas & Oil Co. v. Lingenfelter*, supra, 262 Pa. 500, 501, 105 A. 888, 889; "for the use and benefit of the inhabitants . . . and to and for no other use or purpose whatsoever," *Abel v. Girard Trust Company*, supra, 365 Pa. 34, 36, 73 A. 2d 682, 683; "for no other purpose whatsoever than a cemetery or burial ground," *Sapper v. Mathers*, supra, 286 Pa. 364, 365, 133 A. 565. It is to be noted that in not one of the cases were the words "as long as" used.

We have cases in which there was not only an expression of a purpose or use, but in which there was a specific reverter clause as well: "to be used for the establishment and maintenance of the common schools . . . and for no other purpose . . . said lot to revert to the grantors, their heirs and assigns, as soon as said parties . . . cease to use it for said purpose," *Calhoun v. Hays*, 155 Pa. Superior Ct. 519, 521, 39 A. 2d 307, 308; "so long as they use it for that purpose, and no longer, and then to return back to the original owner," *Henderson v. Hunter*, 59 Pa. 335, 340; "for school purposes so long as it shall be used for school purposes, . . . after which this shall be null and void,"

*Beaver Township School District v. Burdick,* 51 Pa. Superior Ct. 496, 497.

In the instant case there is no specific reverter clause. The absence of such clause, however, is not determinative of the effect of the words if the intent to limit the fee is otherwise clear. In such instances there is an implied reverter to the grantor. *Slegel v. Lauer,* 148 Pa. 236, 238, 239, 244, 245, 23 A. 996; *Graybill v. Manheim Central School District,* 175 Pa. Superior Ct. 415, 420, 106 A. 2d 629.[2] See *Brabson v. School Directors of Fulton Township,* 88 Pa. D. & C. 577, 578, 580.

The issue before us in the instant case is limited to whether the use of the words "as long as" clearly indicates an intention on the part of the grantor to create at most an estate in fee simple determinable.

Our courts have frequently said that the words "so long as" and "as long as" are technical words which limit a fee. In *Pearson v. Nelley,* supra, 331 Pa. 376, 379, 200 A. 654, one of the cases in which a clause was held to be a mere expression of purpose and not a limitation, the absence of such apt words is fully discussed. Mr. Justice Linn, quoting from *Stuart v. Easton,* 170 U. S. 383, 397, 18 S. Ct. 650, 655, 42 L. Ed. 1078, 1083, said (pages 379, 380 of 331 Pa., page 655 of 200 A.): " 'There are no apt technical words (such as *so that; provided; if it shall happen;* etc. . . .) contained in the grant, nor is the declaration of the use coupled with

---

[2] The agreed statement of facts in the instant case sets forth: "8. If a base fee determinable was created, title revests in the heirs of James F. Peters, including Earl C. Peters, Plaintiff herein."

The reversionary interest is not subject to the rule against perpetuities, and may be inherited, sold, and conveyed. *London v. Kingsley,* 368 Pa. 109, 116, 81 A. 2d 870; *Graybill v. Manheim Central School District,* 175 Pa. Superior Ct. 415, 419, 106 A. 2d 629.

any clause of reentry or a provison that the estate conveyed should cease or be void on any contingency. . . . So, also, we fail to find in the patent the usual and apt words to create a limitation (such as *while; so long as; until; during; . . .*), or words of similar import.' " For the same quotation, see *Abel v. Girard Trust Company*, supra, 365 Pa. 34, 38, 73 A. 2d 682, 684.

As used in the deed in the instant case, the words "as long as" have a greater significance than the introduction of a statement of purpose; they impose a limitation which is directly connected with the declared purpose of the grant. Of course it is the rule that the mere expression of purpose will not of and by itself debase the fee. *T. W. Phillips Gas & Oil Co. v. Lingenfelter*, supra, 262 Pa. 500, 503, 105 A. 888; *Abel v. Girard Trust Company*, supra, 365 Pa. 34, 38, 73 A. 2d 682. However, we point out that the grantor here said more than that the conveyance was "for public school purposes"; he significantly added that the school district was "to have and to hold the said piece of ground . . . as long as" it was so used. We think the necessary implication is that the estate was to expire upon the occurrence of the stated event. See Restatement, Property, §44, p. 121.

There are other cases where, under similar circumstances, the words "as long as" or "so long as" have been given the above interpretation and effect. For example, a devise of real estate to a wife "so long as she remains my widow" has been held to be a defeasible fee without any expression of a gift over. *Kautz v. Kautz*, 365 Pa. 450, 452, 76 A. 2d 398; *McCall v. Umbenhauer*, 270 Pa. 351, 352, 113 A. 423; *Scott v. Murray*, 218 Pa. 186, 187, 67 A. 47. See, also, *Burpee Estate*, 367 Pa. 329, 336, 80 A. 2d 721. If it is clear

that the intention of one who devises property to his wife "so long as she remains my widow" creates an estate which is defeasible upon her remarriage, then it would seem to be equally apparent that the intention of one who conveys land to a school district "as long as it is used public school purposes" creates a fee which is determinable when the land is no longer used for the stated purpose. Although a reverter clause could have been added, its absence is not material as the words used were appropriate technical words which definitely indicated the extent of the interest which the grantor intended to create and were not limited to a purpose in making the conveyance. The words can have no other reasonable interpretation and effect. See Restatement, Property, §44, p. 121.

The judgment is reversed, and now entered on the case stated for plaintiff.