## Long v. Monongahela City School District

*Paul A. Simmons,* for plaintiffs.

*William H. Robinson* and *McCreight & McCreight,* for defendant.

CUMMINS, J., January 22, 1959.—On August 25, 1958, a per curiam order was handed down in this case entering judgment for defendant.

We now submit the following opinion setting forth our reasons for the above order.

This case in ejectment comes before the court on a motion for judgment on the pleadings.

The history of the case itself, which started with a summons in ejectment on October 19, 1957, may be stated very briefly. The only pleadings relevant to the present motion consist of (1) the amended complaint in ejectment which was filed on April 22, 1958, (2) the answer and new matter filed May 12, 1958, (3) the reply filed June 2, 1958, and (4) the motion for judgment filed June 3, 1958.

These pleadings disclose that in 1880 and 1883 the School District of Monongahela condemned for school purposes certain land situate in what is now the Second Ward of the City of Monongahela. A part of the land so condemned was owned at the time by John Kennedy, also known as John Kennedy, Jr., to whom plaintiffs claim to be successors in title. The land was used by the school district for school purpose for much more

than 10 years, indeed, the answer avers that it was so used from 1880 "until April 18, 1955, and thereafter", and the property was never formally abandoned. In 1955 there was a further condemnation by the district under the Act of July 2, 1937, for the express purpose of acquiring a fee simple title in all the land acquired in 1880 and 1883.

In 1957, however, plaintiffs filed this suit in ejectment, claiming that the school district's title to the property had terminated by nonuser prior to 1955 and that title had therefore reverted to them.

1. Where a school district has originally acquired land for school purposes by condemnation under the Act of April 9, 1867, P. L. 51, the alleged owners of the reversionary estate cannot recover in ejectment against the school district without averring that the board of school directors of said district has adopted a resolution under the Public School Code of March 10, 1949, P. L. 30, art. VII, sec. 708, to vacate and abandon said land.

While the pleadings in the present case are necessarily somewhat complicated, the issues are not. They are clear-cut and definite, and arise from statutes which are plain and to the point.

The first legal issue is whether plaintiffs have, in their complaint and amended complaint, sufficiently averred a cause of action in ejectment; in other words, whether on their own statement of the case they would be entitled to immediate possession of the real estate, for ejectment is a possessory action: Shannon v. Reed, 355 Pa. 628 (1947) ; Dice v. Reese, 342 Pa. 379 (1941).

Now what have plaintiffs pleaded? They have averred that they are the successors in interest to an ancestor whose land was taken in 1880 and 1883 for school purposes by condemnation under the Act of April 9, 1867. Under the act, of course, the title acquired by

the school district was not a fee, but a base or conditional fee or easement: Lazarus v. Morris, 212 Pa. 128 (1905). Plaintiffs then plead in paragraph 13 of their amended complaint that prior to March 10, 1955, the land in question had ceased to be used for school purposes and could not be used for school purposes. They therefore conclude that the school district's rights in the land terminated prior to March 10, 1955, and that title and the right to possession reverted to them.

This overlooks the School Code of May 18, 1911, P. L. 309, art. VI, sec. 603, 24 PS §673, which was reënacted without material change in the Public School Code of March 10, 1949, P. L. 30, art. VII, sec. 708, 24 PS §7-708:

"No property that has heretofore been acquired by, or conveyed or granted to, any school district for school purposes, or which may hereafter be acquired by any school district for school purposes shall be considered as abandoned until the board of school directors of such district shall pass, by vote of the majority of members of the board, a resolution declaring it to be the intention of such district to vacate and abandon the same, whereupon all right, title and interest of such district in such premises shall be fully terminated."

This act, which has been in effect in Pennsylvania since 1911, we believe, is conclusive of the first legal question in this case. Unless plaintiffs plead the adoption of the essential statutory resolution of abandonment, they fail to state a claim upon which relief can be granted, regardless of what else they plead. There is only one legally effective way to abandon school property in Pennsylvania (Calhoun v. Hays, 155 Pa. Superior Ct. 519, 524 (1944)); East Lackawannock School District v. Robinson, 18 D. & C. 531 (Mercer Co., 1932), where a resolution to close permanently followed by nonuser for three years were held not to

constitute abandonment: Deaven v. School District of West Hanover Township, 1 D. & C. 2d 293 (Dauphin Co., 1954).

2. Where a school district which originally acquired a base fee in land for school purposes by condemnation under the Act of April 9, 1867, P. L. 51, 53 PS §1171, proceeds without challenge under the Act of July 2, 1937, P. L. 2793, to acquire a fee simple title to the same, the alleged owners of alleged reversionary interests cannot thereafter recover in an action of ejectment.

The second legal issue in this case is whether the whole case may not be moot by reason of the facts set forth in paragraph 12 of the amended complaint and admitted in the answer, and set forth in paragraphs 3 and 4 of defendant's new matter and admitted in plaintiffs' reply. These pleadings, taken together, constitute an admission by plaintiffs that, after having continuously used the land in question for school purposes for much more than 10 years, the board of school directors of defendant school district duly adopted on February 14, 1955, a resolution pursuant to the Act of July 2, 1937, P. L. 2793, declaring its intention to acquire a fee simple title to the real estate in question, inter alia, and caused said resolution to be duly advertised and caused a certified copy thereof and of the proofs of publication to be recorded in the Office of the Recorder of Deeds of Washington County, on April 18, 1955.

The Act of July 2, 1937, P. L. 2793, 53 PS §§1171, 1172, provides as follows:

"Section 1. . . . Any city, county, school district, or other municipality shall have power, in the method herein prescribed, to acquire title in fee simple to any real estate to which such municipality shall have previously acquired a lesser estate in any manner; pro-

vided that such real estate shall have been used or held for a public purpose for a period of not less than ten years."

"Section 2. The proper authorities of such municipality are authorized and empowered, by ordinance or resolution, to declare its intention to acquire a fee simple title in such real estate, which ordinance or resolution shall indicate such real estate with reasonable accuracy. Upon the adoption of passage of such ordinance or resolution, it shall be advertised once in two newspapers of general circulation and in the legal periodical within the county wherein the real estate is situated. Such advertisement shall include a brief description of the real estate, the manner and date or approximate date of original acquisition, if known, and the name or names of the owner or owners of such real estate at the time of its original acquisition for municipal purposes, if known. Upon the completion of such advertisement, a certified copy of the ordinance or resolution and proofs of publication shall be lodged for record in the office of the recorder of deeds in and for the county in which the real estate is situated, and the title of the municipality in and to such real estate shall thereupon become an absolute title in fee simple."

Section 3 sets out the remedies and procedure available to persons claiming reversionary or other interests in the property so taken.

While plaintiffs refuse to admit, in their reply to paragraph 4 of defendant's new matter, that the action taken in 1955 by defendant school district had any legal effect, the facts are admitted and the legal effect of those is that the school district acquired a fee simple title to the premises in question on April 18, 1956, after full compliance with the requirements of the Act of 1937.

This being true, the present action of ejectment is

moot. Plaintiffs' only remedy is to proceed under the provisions of section 3 of the Act of 1937 to prove their right, if any, to damages arising from condemnation of their alleged reversionary interests: Deaven v. School District of West Hanover Township, 1 D. & C. 2d 293 (Dauphin Co., 1954), directly in point; Spring Garden Township School District v. Shimmel-Binder, Inc., 30 D. & C. 714 (York Co., 1937), holding the Act of 1937 to be constitutional. See also Peters v. East Penn Township School District, 182 Pa. Superior Ct. 116, 118 (1956), and Hoffman v. Pittsburgh, 365 Pa. 386 (1950).

Both of the issues involved in the present case were carefully and thoroughly considered by the Court of Common Pleas of Dauphin County in the case of Deaven v. School District of West Hanover Township, supra. The relevant facts in that case were virtually identical with those in the present case, and the legal issues which were there presented to the court on defendant's motion for judgment on the pleadings were the same as the issues which are now presented on a like motion in the present case. In the Deaven case, the Dauphin County Court, speaking through Judge Kreider, concluded: (1) That in the absence of an averment by plaintiffs that a school district has adopted the statutory resolution of abandonment, plaintiffs in a case like the present one show no present right to possession; and (2) that where a school district has complied with the Act of 1937, it has acquired an absolute title in fee simple and an action in ejectment is moot.

For the foregoing reasons, defendant school district's motion for judgment on the pleadings should be granted.